[Civ. No. 1658.   Third Appellate District.—March 20, 1939.]

THE   PEOPLE,   Respondent,   v.   ANGELINA   DURAZO,
Appellants.

George E. Foote for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The defendant was charged under the provisions of section 274 of the Penal Code with abortion committed on the person of a young married woman, resulting in her death.

The sufficiency of the evidence to prove the crime charged is not challenged. The appellant, however, contends that the court erred in admitting in evidence the statements of the accused person in the nature of admissions without adequately showing that they were made voluntarily; that the defendant is not bound by her statements since she possessed insufficient knowledge of the English language to understand the questions propounded to her, and that she was precluded from introducing evidence, independently of the proof adduced by the prosecution, to show that the statements were not made without accompanying threats or an offer of reward.

There is no merit in the contention that the necessary preliminary proof of the voluntary nature of the admissions of the defendant was not adequately adduced before her statements were received in evidence. Her statements were taken by the stenographic reporter in the presence of the deputy district attorney and two other officers. The record shows without conflict that the deputy district attorney, in company with the two other officers, visited the defendant and introduced himself as the deputy district attorney, and identified the other men as public officers, stating that they had come to interview her "concerning an abortion" which she was charged with having committed. He then told her that she was not compelled to answer any questions, and warned her that her statements must be "freely and voluntarily" made, and that they were likely to be used against her. He also told her "We are not making any promise of immunity or offer of reward to you." She then replied "If I understand that, I will be more than glad to answer the questions."

The statements were taken in shorthand, transcribed into longhand, and subsequently received in evidence. The document contains some twelve pages of testimony. A careful

examination of the statement convinces us that it was voluntarily made without promise of reward, inducements, threats or coercion, and that the defendant fully understood every question and answer. She volunteered many important statements with relation to procuring and administering drugs to aid the abortion, which were not solicited by questions propounded. ■ The statements of the defendant contain many damaging admissions, but they do not constitute a confession of guilt. It was therefore not necessary to make preliminary proof that they were voluntarily made to entitle them to be admitted in evidence. Statements of facts or admissions not amounting to a confession, made by an accused person, are competent evidence without first showing that they were voluntarily made. (*People* v. *Shannon*, 203 Cal. 139, 143 [263 Pac. 522]; 8 Cal. Jur. 99, sec. 195.) ■ The question as to whether admissions or confessions are voluntarily made by a defendant is primarily one to be determined by the trial court. In the absence of an abuse of discretion in that regard, a ruling of the court admitting or rejecting such evidence will not be disturbed on appeal. (*People* v. *Cowling*, 6 Cal. App. (2d) 466, 471 [44 Pac. (2d) 441].)

■ In the present case the defendant was not restricted in her right to fully cross-examine the prosecution's witnesses on their preliminary showing that the statements were voluntarily made, nor was she prohibited from adducing evidence independently of the prosecution to show, if possible, that the statements were not made without coercion or inducement therefor. When the prosecution asked the stenographic reporter if the statements were freely and voluntarily made by the defendant, her counsel objected to the question and asked that the jury be dismissed to enable him to "offer certain legal objections to the introduction of this statement for the purpose of laying a foundation". The court said, "You can do that by *voir dire*, that I will permit you to avail yourself of before the statement comes in." The defendant fully cross-examined the prosecution's witnesses on their preliminary showing of the voluntary nature of the declarations. She offered no evidence in rebuttal of that showing. The statements were properly admitted in evidence, and when construed in connection with the testimony of medical ex-

perts, a nurse and the proof of other incriminating circumstances, conclusively establishes her guilt of the crime with which she was charged.

The judgment and the order are affirmed.

Pullen, P. J., and Tuttle, J., concurred.