**YORK v. UNITED STATES.**

**No. 13639.**

Circuit Court of Appeals, Eighth Circuit.

May 14, 1948.

Robert B. Langworthy, of Kansas City, Mo., for appellant.

Harry F. Murphy, Asst. U. S. Atty., of Kansas City, Mo. (Sam M. Wear, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before SANBORN, JOHNSEN and COLLET, Circuit Judges.

PER CURIAM.

Appellant was convicted by a jury and sentenced on September 5, 1946, in the Western District of Missouri, under 18 U.S.C.A. § 408, for having transported in interstate commerce a stolen motor vehicle, knowing it to have been stolen. He took no appeal from the conviction but entered upon the service of his sentence.

On May 19, 1947, he filed the present motion to vacate the sentence, on the ground that women had been intentionally and systematically excluded from the petit jury by which he was tried. This was the first time he had undertaken to raise the question. The trial court denied the motion and this appeal followed.

Appellant has filed a brief pro se, and at his request the Court also appointed counsel to represent him, who has prepared and filed a comprehensive supplemental brief and has further fully presented appellant's cause in oral argument.

In the brief filed by appellant pro se, he asserts that, not only on the petit jury, but on the grand jury also by which he was indicted, were women intentionally and systematically excluded, but no issue as to the grand jury panel was raised in his motion or presented to the trial court and it is therefore not a question here. If the question had been properly raised, however, what is said herein as to the petit jury would also be controlling as to the grand jury.

The trial court based its denial of appellant's motion on two grounds. The first was that the right to object to the petit jury was waived because appellant had not

made any objection in connection with the trial and on an appeal from his conviction. We have only recently held in three similar cases that the right to not have women intentionally and systematically excluded from a jury panel is one that may be waived and that it ordinarily will be deemed to have been so waived where timely objection is not made in the proceedings and the question is sought to be raised for the first time by motion to vacate the sentence after it has become effective. Wright v. United States, 8 Cir., 165 F.2d 405; King v. United States, 8 Cir., 165 F.2d 408; Brown v. United States, 8 Cir., 165 F.2d 409.

 The second ground on which the trial court denied the motion was that on the facts of the situation the contention that there had been an intentional and systematic exclusion of women from the jury panel was without merit. Prior to 1945 women were ineligible for jury service in Missouri, but under a constitutional provision adopted that year it was provided that "No citizen shall be disqualified from jury service because of sex, but the court shall excuse any woman who requests exemption therefrom before being sworn as a juror". Mo.R.S.A.Const.1945, Art. 1, § 22. This provision became effective March 30, 1945. Legislation to implement the constitutional provision was enacted on April 2, 1946 and became effective on July 1, 1946. Mo.R.S.A. § 697. It appears that the names of women were first placed upon the jury lists of the state trial courts in Missouri at their fall terms in 1946. Thus it was illustratively shown that, at the time appellant was tried in the federal court, no women had yet been called for state jury duty in Jackson County, the principal county in the Western District of Missouri, or in Jasper County, the county in which appellant was tried. Appellant's trial occurred in September, 1946, but this was still in the June, 1946, term of court, and the jury lists used for that term were lists which had been compiled before Mo.R.S.A. § 697 became effective on July 1, 1946. As in the case of the state courts, the names of women were added to the jury lists of the federal court in the fall of 1946, and they have ever since so appeared and been used.

The court was warranted in holding that these facts did not amount to an intentional and systematic exclusion of women from the jury by which appellant was tried. What the Supreme Court said in Glasser v. United States, 315 U.S. 60, 65, 62 S.Ct. 457, 462, 86 L.Ed. 680, is, we think, equally applicable here: " * * * in view of the short time elapsing between the effective date of the Illinois acts and the summoning of the grand jury, it was not error to omit the names of women from federal jury lists where it was not shown that women's names had yet appeared on the state jury lists."

The trial court was entitled to deny the appellant's motion on either or both of the grounds on which it rested its order.

Affirmed.