504 P.2d 1088

**STATE of New Mexico, Plaintiff-Appellee.**

v.

**Carl BARNETT, Defendant-Appellant.**

**No. 973.**

Court of Appeals of New Mexico.

Nov. 17, 1972.

Certiorari Granted Jan. 3, 1973.

Leonard G. Espinosa, Donald B. Moses, Nordhaus, Moses & Dunn, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Winston Roberts-Hohl, Ronald Van Amberg, Asst. Attys. Gen., for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of rape (§ 40A–9–2, N.M.S.A.1953 (2nd Repl.Vol.1972)) and sodomy (§ 40A–9–6, N.M.S.A.1953 (2nd Repl.Vol. 1972)), defendant appeals asserting seven points for reversal. His fifth point regarding the trial court's refusal to instruct the jury on the voluntariness of a statement made by defendant is dispositive of the appeal. We reverse.

By pre-trial motion, and at trial, defendant sought to suppress a statement made by him on the grounds that it was not voluntary. The trial court denied defendant's motion and at trial, the trial court, prior to the reading of the statement to the jury stated:

"THE COURT: I am going to advise the jury again that it is up to you as jurors to determine whether this statement that this witness is going to read is exactly what the defendant told him. It is up to you. You have to make that determination in determining the credibility of this witness, as you will that of any other witness.

"MR. MOSES: And, your Honor, also, is it not true that the fact of whether this statement was voluntarily given is one of the factors that the jury must take into consideration in finally determining this case?

"THE COURT: Yes. You have to determinne whether this was a voluntary statement also and you will be further instructed on it. Go ahead."

Subsequently, the trial court refused defendant's requested instruction regarding the voluntariness of the statement. The state does not contest nor do we express an opinion as to the correctness of the instruction. It is defendant's contention that the trial court erred in refusing to instruct the jury that the voluntariness of defend-

# 456

ant's statement was a question of fact to be decided by the jury. We agree.

 The question of voluntariness is to be preliminarily decided by the court. State v. Word, 80 N.M. 377, 456 P.2d 210 (Ct.App.1969). When the evidence is conflicting on the issue of voluntariness, as it was in the instant case, the final determination is then left to the jury under a proper instruction from the court. State v. Armstrong, 82 N.M. 358, 482 P.2d 61 (1971); State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966); Pece v. Cox, 74 N.M. 591, 396 P.2d 422 (1964).

In the present case, the trial court made a preliminary determination on the issue of voluntariness against defendant, however, in refusing to instruct the jury on the issue of voluntariness the trial court was in error. Nor do we think the foregoing admonition by the court was what the Supreme Court had in mind.

The state argues that since defendant subsequently took the stand and gave essentially the same testimony as contained in the statement that an instruction on voluntariness would have been confusing. This argument misconceives the issue. The issue is "Is defendant entitled to an instruction on the issue of voluntariness of a statement after the trial court has made the preliminary determination"? The answer is in the affirmative. State v. Armstrong, supra.

Reversed and remanded.

It is so ordered.

WOOD, C. J., concurs.

SUTIN, J., specially concurring in part, and dissenting in part.

SUTIN, Judge (specially concurring in part, and dissenting in part).

I concur in the reversal on the rape conviction.

I dissent on the sodomy charge because § 40A–9–6, N.M.S.A.1953 (2nd Repl.Vol.

1972) is unconstitutional, and Barnett should be discharged for this alleged offense. See dissenting opinion, State v. Trejo, 83 N.M. 511, 494 P.2d 173 (Ct.App. 1972).