512 P.2d 61

**STATE of New Mexico, Petitioner,**

v.

**Carl BARNETT, Respondent.**

**No. 9610.**

Supreme Court of New Mexico.

May 25, 1973.

David L. Norvell, Atty. Gen., Dee C. Blythe, Asst. Atty. Gen., Santa Fe, for petitioner.

Donald B. Moses, Leonard G. Espinosa, Albuquerque, for respondent.

## OPINION

MONTOYA, Justice.

Respondent Carl Barnett was convicted of the crimes of rape and sodomy. On appeal to the Court of Appeals, his conviction was reversed on the ground that the trial court erred in refusing to instruct the jury on the voluntariness of a written statement given by the respondent. State v. Barnett, 84 N.M. 455, 504 P.2d 1088 (Ct.App.1972). The State filed a motion for leave to file a petition for writ of certiorari, which petition was granted on December 20, 1972. We issued a writ of certiorari directed to the Court of Appeals on January 3, 1973. The reasons for granting certiorari on petitions of the State are the same as we have discussed in detail in State v. Gunzelman, 85 N.M. 295, 512 P.2d 55 (1973).

The State urges that the decision of the Court of Appeals in State v. Barnett, supra, overrules or conflicts with several decisions of this Court and of the Court of Appeals. In addition, the State asserts that the issue here is of substantial public interest because the doctrine of "harmless error" has been eroded.

The Court of Appeals held that the trial court committed reversible error in refusing to instruct the jury on the voluntariness of the statement made by the defendant Barnett and read to the jury. It is the State's contention that Barnett testified to "substantially" the same facts as were contained in the statement at the trial, therefore, there need not be an instruction as to the voluntariness of Barnett's statements.

In State v. Martinez, 30 N.M. 178, 191–192, 230 P. 379, 385 (1924) this Court stated:

"* * *. When a confession is sought to be introduced by the state, it is the duty of the judge to make a preliminary inquiry to determine whether the same was voluntary. * * * It is necessary for the state, when offering the confession, to show that it was voluntary before it can be admitted, and the burden of proof is upon the state to·show that no improper inducement existed when the confession was made. * * * The voluntary character of such evidence should be affirmatively shown before it is admitted. * * *"

In State v. Word, 80 N.M. 377, 379–380, 456 P.2d 210, 212–213 (Ct.App.1969), the Court of Appeals stated essentially the same proposition.

"Defendant has the constitutional right at some stage in the proceeding to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness; a determination uninfluenced by the truth or falsity of the confession. State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966); Pece v. Cox, 74 N.M. 591, 396 P.2d 422 (1964); see Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3rd 1205 (1964). When a defendant makes it known he has something to say touching the integrity of a claimed confession, however incredible as it may appear to the trial court, the defendant

must be heard. The trial judge has no choice."

This Court recently applied this doctrine in State v. Armstrong, 82 N.M. 358, 360, 482 P.2d 61, 63 (1971):

" * * *. It is apparent that the trial court fully performed its preliminary duty of inquiring into the voluntariness of the confession prior to submitting it to the jury. Pece v. Cox, 74 N.M. 591, 396 P.2d 422 (1964). *The trial court then submitted the confession to the jury under proper instructions, which imposed upon the jury the duty to determine the credibility of the testimony respecting the voluntariness and the mental capacity of the defendant to make a confession.*" (Emphasis added.)

See also State v. Padilla, 66 N.M. 289, 347 P.2d 312 (1959); State v. Armijo, 64 N.M. 431, 329 P.2d 785 (1958); and State v. Lindemuth, 56 N.M. 257, 243 P.2d 325 (1952).

In the case at bar, Barnett objected to the introduction of his statement by pre-trial motion to suppress, on the ground that it was involuntary. The motion to suppress was denied, and the motion was again renewed at trial when the State sought to introduce the statement. This motion was denied. Barnett further objected to the refusal of his requested instruction concerning the voluntariness of his statement. The record also reveals conflicting evidence pertaining to the issue of voluntariness.

The following dialogue between Barnett's attorney and the court transpired at the time Barnett's statement was read at trial:

"THE COURT: I am going to advise the jury again that it is up to you as jurors to determine whether this statement that this witness is going to read is exactly what the defendant told him. It is up to you. You have to make that determination in determining the credibility of this witness. As you will that of any other witness.

"MR. MOSES: And, your Honor, also, is it not true that the fact of whether this statement was voluntarily given is one of the factors that the jury must take into consideration in finally determining this case?

"THE COURT: Yes, you have to determine whether this was a voluntary statement also and you will be further instructed on it. Go ahead."

Notwithstanding the facts of this case and authority outlined above, the State urges that State v. Barnett, supra, conflicts with several decisions of the Supreme Court and the Court of Appeals. State v. Walker, 50 N.M. 132, 172 P.2d 588 (1946), is cited for the proposition that the improper admission into evidence of prior statements of a defendant does not constitute reversible error if substantially identical to the defendant's later in-court testimony. State v. Walker, supra, differs from the instant case in several respects. The defendant there did not request that the question of whether the statements were voluntary be submitted to the jury. Secondly, the defendant did not produce any evidence in conflict with the prima facie showing of voluntariness made by the State. Also, the court characterized defendant's prior statements as "admissions not amounting to confessions" and stated that such statements "are not controlled by the stricter rules applying to confessions."

The precise question presented herein has never been decided by this Court. Here we have a situation where a defendant objects to the admission of a statement, both by a pre-trial motion to suppress and also at the trial, but thereafter the statement is read to the jury. At a subsequent stage of the trial, the defendant takes the stand and testifies to substantially identical facts which were contained in the statement. The question, therefore, arises as to whether the trial court committed error requiring a reversal of the conviction because of its refusal to instruct the jury on the issue of voluntariness of defendant's

statement. The issue is further complicated by the following remarks made by the trial court to the jury when the defendant's statement was read to the jury:

> "THE COURT: Yes, you have to determine whether this was a voluntary statement also and you will be further instructed on it. Go ahead."

We have already discussed the general law in New Mexico with respect to the admission of confessions and statements and the procedure that trial courts must follow when they are received in evidence. We do not deviate from those rules and expect them to be followed. See State v. Martinez, supra; State v. Word, supra; and State v. Armstrong, supra.

In the instant case, at the hearing on the pre-trial motion to suppress the statement, there was evidence presented as to the circumstances of the taking of the statement of the defendant by police officers and, at the conclusion of the testimony of the defendant at the pre-trial suppression hearing, the record reveals the following:

> "MR. RIORDAN: That's all the questions I have of this witness. I would ask for the introduction of State's Exhibits No. 1 and 2.
>
> "MR. MOSES: We have no objection. Can all exhibits be considered as in evidence?
>
> "THE COURT: Yes.
>
> "MR. MOSES: That's all."

By way of explanation, State's Exhibit No. 1 is a document entitled "Advice of Rights and Waiver of Rights" which had some blanks filled in and signed by defendant and witnessed by one police officer. State's Exhibit No. 2 is the defendant's statement typed by one of the police officers and contained the defendant's signature at the beginning of the statement, but was not signed at the bottom of the typewritten statement by the defendant, although it was witnessed by the officers taking the statement. This was the alleged involuntary statement which was read to the jury.

The record further disclosed the following testimony which was elicited from the defendant when he testified in his own behalf:

> "CROSS EXAMINATION BY MR. RIORDAN:
>
> " * * *.
>
> "Q. And it's your testimony they didn't make any promises to you to induce you to sign—to give a statement to them?
>
> "A. Yes.
>
> "Q. But you think that they indicated to you that they were not out to try and get you, so to speak, but they were out to try and get Mr. Clark and Mr. Armstrong?
>
> "A. Yes, sir.
>
> "Q. And they wanted you to give them a statement so they could get Mr. Armstrong?
>
> "A. Yes, sir."

Though there is a dearth of authority on the proposition before us, the Kansas Supreme Court has decided almost the exact question presented here. In State v. Johnson, 185 Kan. 1, 5, 340 P.2d 373, 376 (1959), in a prosecution for murder where it was contended that the court erred in refusing to give several instructions requested by defendant concerning the voluntary nature of the alleged confession, the Kansas Court stated:

> " * * *. The jury was thoroughly and correctly instructed on the law of self-defense and justifiable and excusable homicide. It was not given a specific instruction relating to the question whether the so-called statement given by defendant was voluntary. Assuming, for the sake of argument, that ordinarily such an instruction would be proper, there was, under the evidence in this case, no occasion to give one relating to the matter because, as heretofore stated, defendant took the witness stand and testified to all matters contained in his so-called statement. The jury was properly and fully instructed on all matters

in issue, and the court did not err in refusing any of the requested instructions."

In Hardin v. State, 458 S.W.2d 822 (Tex.Cr.App.1970), the contention was made that the trial court erred in failing to instruct the jury on the voluntariness of an extra-judicial confession. There the trial court, when the issue was raised, conducted a Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), hearing in the absence of the jury and thereafter made his findings of fact and conclusions of law in accordance with Texas statutory requirements. After the written confession was admitted into evidence before the jury, the defendant testified in his own behalf, made a judicial confession relating that he had entered a grocery store and had taken certain items. Defendant admitted he made a written statement to police officers shortly after his arrest, without any reluctance or hesitancy, and that he did not have any objection to signing a statement to what he had done wrong. He did, however, testify that the written confession was in error in stating he had broken the glass out of the front door and entered, contending that he found the glass out of the front door, that it was already broken and he had crawled through the hole in the glass. The Texas Court said (458 S.W.2d at 825):

"Under the circumstances presented, we fail to perceive error. If the court did err in failing to so charge, it was in fact harmless error. [Citation omitted.]"

It appears to us that it would stultify the judicial process to remand the case for a new trial on the issue of voluntariness of the extra-judicial statement where the defendant has made a judicial confession which recited substantially identical facts as were contained in the extra-judicial statement. The need for a determination of voluntariness by the jury disappears when, under oath, the defendant testifies to the same facts contained in the alleged involuntary statement. One of the reasons for instructing the jury to pass on the question of whether a statement or confession was voluntary is to determine if it was coerced, and whether the defendant's will was overborne at the time he confessed. Those reasons are negated by the defendant's similar trial testimony as to the matters contained in the statement or confession.

We agree with the Kansas and Texas Courts, that the giving of an instruction as to the voluntary nature of the confession is unnecessary or harmless error, where the same matters are testified to by the defendant and which are contained in his confession. See also State v. Walker, supra.

In view of the foregoing, we reverse the decision of the Court of Appeals and remand the case to them for consideration of other points argued on appeal and not ruled upon in their earlier decision.

It is so ordered.

McMANUS, C. J., and OMAN, STEPHENSON and MARTINEZ, JJ., concur.