512 P.2d 977

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Carl BARNETT, Defendant-Appellant.**

**No. 973.**

Court of Appeals of New Mexico.

June 27, 1973.

Leonard G. Espinosa, Donald B. Moses, Nordhaus, Moses & Dunn, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Ronald Van Amberg, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

This is the second time this case has been before this court for consideration. The first opinion, State v. Barnett, 84 N. M. 452, 504 P.2d 1088 (Ct.App.1972), was reversed by the Supreme Court in State v. Barnett, No. 9610, decided May 25, 1973, 512 P.2d 61, and the case was remanded for consideration of defendant's remaining points on appeal which were not discussed in our original opinion.

Defendant was convicted of rape (§ 40A–9–2, N.M.S.A.1953 (2d Repl.Vol. 1972)), and sodomy (§ 40A–9–6, N.M.S.A. 1953 (2d Repl.Vol.1972)). In addition to the point disposed of by the Supreme Court, defendant raises six points on appeal. They are: (1) correctness of an instruction defining sodomy; (2) failure of the court to require the state to specify the act of sodomy to which defendant was accused of being an accessory; (3) lack of substantial evidence to support defendant's conviction as an accessory to sodomy; (4) error in admitting a statement of defendant given after an allegedly illegal arrest; (5) error in refusing to give requested instructions on the crime of rape; (6) error in refusing to quash the jury array.

We affirm.

At approximately midnight on the night of June 30–July 1, 1971, the prosecutrix was returning to her apartment. She had just pulled into a parking space when another car pulled up behind her. A man, not the defendant, got out of the second car and approached the prosecutrix' car. As she was getting out of her car the man displayed a knife and told her to get back into her car. The man got into the driver's seat of her car and proceeded to drive away. He forced the prosecutrix to the floor of the passenger's side of the car. The car in which the man had arrived followed the prosecutrix' car. They proceeded to a deserted area southwest of Albuquerque. Upon arriving at what the man apparently considered a suitable location he left the prosecutrix in her car while he went to confer with his companions. Upon his return the prosecutrix was told to get into the backseat of her car and undress. She was then told to leave the car and lie on a blanket spread next to her car. The exact details of what followed need not concern us. Suffice it to say that each of the four men who had originally been in

the second car proceeded to sexually abuse the prosecutrix. There is testimony concerning various acts of rape and actual or attempted oral and anal sodomy. At various times the prosecutrix was threatened with physical harm. In regard to defendant Barnett, there is evidence that the knife used to threaten the prosecutrix belonged to him; that he saw the prosecutrix threatened with the knife; that he saw her attempt to escape, be recaptured and slapped; that he raped her; that he attempted, but could not complete, an act of anal sodomy; and that he watched his companions commit other acts of sexual abuse on the prosecutrix.

■ Defendant's first argument is that although the sodomy statute, § 40A–9–6, supra, defines sodomy as placing one's sexual organ into the ". . . mouth or anus . . ." of another, and the jury was so instructed, that the state should have been bound by a bill of particulars filed in this case which stated: "The sodomy alleged in this case consists of requiring the victim to take into her mouth the Defendant(s) sexual organ *and* Defendant(s) placing his sexual organ in the victim's anus." (Emphasis added). Defendant would have us hold that the state is bound by the statement in the bill of particulars and must prove acts of both types of sodomy on the part of the defendant. Defendant argues that failure to instruct that the state must prove both types of sodomy before a conviction would be justified requires reversal.

This argument might have some force if defendant had been charged with sodomy as a principal. He was, however, charged as an accessory. At trial evidence was introduced that acts of both oral and anal sodomy were committed by defendant's companions. This is sufficient proof to come within the terms of the bill of particulars.

■ Defendant's second point is that the trial court erred by failing to require the state to specify precisely which of several acts of sodomy defendant was accused of having been accessory to. Defendant's argument is that by failing to force the state to specify which act defendant was an accessory to the court deprived him of the opportunity to be ". . . informed . . . of the charges against him, hindered the preparation of his defense and subjected him to possible double jeopardy."

The first two claims are mere allegations: they are not supported by any type of showing that defendant did not know what the charges were against which he had to defend or that he was in any way prevented from preparing his defense. The indictment and bill of particulars which are a part of the record identify the date, approximate time and nature of the crimes alleged. The prosecutrix is identified, as are the defendant's associates, with whom he was alleged to have committed the crimes. Further, shortly after his arrest the defendant gave a statement to the police in which he substantially admitted participation in the crimes of which he was later convicted. On these facts we cannot say that defendant was deprived of his right to be informed of the charges against him or that the preparation of his defense was hampered.

■ Defendant's final claim under this point is that because of the trial court's refusal to require that the state specify which act of sodomy the defendant was accessory to that he could be subjected to double jeopardy. The basis of this argument is that if he were indicted or informed against as accessory to a particular act of sodomy based on the same incident he could not point to his present conviction as precluding his trial on any particular act of sodomy. It is significant that defendant's argument is based on a hypothetical situation. He has not been indicted or informed against for another crime growing out of the same set of facts. Should defendant's hypothetical situation become

reality we will deal with it at that time. See Turner v. Arkansas, 407 U.S. 366, 92 S.Ct. 2096, 32 L.Ed.2d 798 (1972) and opinion of Judge Hendley in State v. Tijerina, 84 N.M. 432, 504 P.2d 642 (Ct.App. 1972).

Defendant next argues that his conviction as an accessory to sodomy was not supported by substantial evidence. This argument is based on defendant's theory that the state must prove that he in some way aided or abetted a particular act of sodomy. We reject this theory. It is not necessary that the state prove that defendant aided and abetted a particular act of sodomy. Our view is well stated by the court in United States v. Milby, 400 F.2d 702 (6th Cir. 1968): ". . . Presence at the scene and active participation in the criminal conduct being undertaken, in such a way as to encourage the commission of the charged offenses, is enough to constitute aiding and abetting; by such conduct, one assists others in the criminal enterprise. . . ." There is ample evidence in this record to support defendant's conviction as an accessory to sodomy.

Defendant's next point is that his confession was improperly admitted into evidence because it was obtained subsequent to an illegal arrest. Defendant's basis for arguing that the arrest was illegal is that the arresting officer did not have possession of the warrant for defendant's arrest when the arrest took place. It is undisputed that there was a valid warrant outstanding at the time of defendant's arrest. This court has recently held that: ". . . physical possession of the warrant is not essential to a lawful arrest when the validity of the arrest warrant is not involved." State v. Grijalva, 85 N.M. 127, 509 P.2d 894 (Ct.App.1973). Having found that defendant's arrest was not in fact illegal, there is no basis for suppressing his confession.

Defendant's next point is that the court erred by failing to give defendant's requested instruction Nos. 1, 7a and 8, and that, as a result, the jury was not correctly instructed on the elements of the crime of rape. The nub of defendant's contention is contained in the following sentence: "It is submitted that to sustain Appellant's conviction of rape, the victim's resistance must have been overcome by force applied by Appellant and not by some third person. . . ." Defendant relies on the fact that there is no evidence that he personally threatened or used force on the prosecutrix. We reject defendant's contention. The prosecutrix' resistance had been overcome by ". . . fear induced by threats. . . ." State v. White, 77 N. M. 488, 424 P.2d 402 (1967). The fact that these threats were made by someone other than the defendant is immaterial.

Defendant's final point is that the trial court erred by refusing to quash the jury array from which the jury which tried him was selected. The basis for this contention is that the array did not include members of the then recently enfranchised class of persons between the ages of 18 and 21 years. Defendant himself was in this age group at the time of his trial. Defendant alleges that failure to include members of this group in the jury array deprived him of due process. Defendant points to § 19–1–3, N.M.S.A.1953 (Repl. Vol.1970) which requires that jurors be selected from the pollbooks of the last general election. Although he does not dispute that the jury array in this case was selected from the pollbooks of the last general election, he apparently would have us hold that failure to include in the pollbooks newly enfranchised persons prior to the next general election is a denial of due process. There is authority for the proposition that when a new group is qualified to sit as jurors that a period of time will be allowed for their names to begin to appear on the jury lists. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); York v. United States, 167 F. 2d 847 (8th Cir. 1948). We do not consider the possible two year period which could elapse under § 19–1–3, supra, before the names of newly enfranchised individuals

begin to appear on jury lists to be so long as to deny defendant his right to due process.

Affirmed.

It is so ordered.

WOOD, C. J., concurs.

SUTIN, J., concurring in part and dissenting in part.

SUTIN, Judge (concurring in part and dissenting in part).

I concur in the conviction for rape. I dissent on the sodomy charge because § 40A–9–6, N.M.S.A.1953 (2nd Repl.Vol. 6) is unconstitutional. Dissenting opinions, State v. Trejo, 83 N.M. 511, 494 P.2d 173 (Ct.App.1972); State v. Armstrong, 85 N. M. 234, 511 P.2d 560 (Ct.App.), decided May 23, 1973.