575 P.2d 1355

STATE of New Mexico, Plaintiff-Appellee,

v.

Leroy L. ZAMORA, Defendant-Appellant.

No. 3145.

Court of Appeals of New Mexico.

Feb. 7, 1978.

Writ of Certiorari Denied March 7, 1978.

Joseph M. Fine, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of armed robbery in violation of § 40A-16-2, N.M.S.A. 1953 (2d Repl. Vol. 6, 1975 Supp.). He appeals. We affirm.

A. *Defendant was not entitled to a directed verdict.*

Defendant was convicted as an accessory to armed robbery. He seeks a reversal and discharge based upon the denial of his motion for a directed verdict.

In ruling on a defense motion for a directed verdict, evidence must be viewed in the light most favorable to the State. *State v. McKay*, 79 N.M. 797, 450 P.2d 435 (Ct.App.1969). We have carefully reviewed the taped proceedings. We find the evidence so substantial in favor of the State that a recital of the evidence would be of no benefit to the parties or the public. Defendant relied upon his own testimony. He was the sole witness for the defense. Although he claimed diversified evening activities with various persons, no witness was called to corroborate his testimony or to establish his credibility. His association with Richard Rivera, the perpetrator of the armed robbery, placed defendant at the scene of the robbery in his car awaiting the return of Rivera. Defendant was not entitled to a directed verdict.

B. *Refusal to give Criminal U.J.I. 40.40 was harmless error.*

Defendant tendered and the court refused to give Criminal U.J.I. 40.40. It reads:

Evidence has been admitted concerning a statement allegedly made by the defendant. Before you consider such statement for any purpose, you must determine that the statement was given voluntarily. In determining whether a statement was voluntarily given, you should consider if it was freely made and not induced by promise or threat.

### USE NOTE

This instruction *must be used* when the court has made a determination that a statement by the defendant is voluntary and then submits it to the jury for consideration. [Emphasis added.]

U.J.I. Criminal were adopted September 1, 1975 (88 N.M. 697). *Committee commentary* states:

If the court finds that the statement is voluntary [and also was given after compliance with *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)], the statement is admitted and the jury is instructed to determine that the statement is voluntary before considering it as substantive evidence.

\*     \*     \*     \*     \*     \*

Under New Mexico law, failure to submit the voluntariness question is harmless error if the defendant substantially admits the facts which are contained in the confession. *State v. Barnett*, 85 N.M. 301, 512 P.2d 61 (1973), *rev'g* 84 N.M. 455, 504 P.2d 1088 (Ct.App.1972).

"It should be noted that the commentaries to the Rules of Criminal Procedure are a copyrighted publication of the University of New Mexico School of Law and are not commentaries adopted by the New Mexico Supreme Court." *State v. Benavidez*, 87 N.M. 223, 229, 531 P.2d 957, 963 (Ct.App. 1975), Wood, J., dissenting in part.

*The General Use Note* says:

When a Uniform Instruction is provided for the elements of a crime, *a defense or a general explanatory instruction on evidence or trial procedure the Uniform Instruction must be used* without substantive modification or substitution. [Emphasis added.] [88 N.M. at 702.]

■ U.J.I. 40.40 is mandatory, not permissive. This instruction "must be used" when the trial court submits to a jury, voluntary statements of a defendant given to police officers. Unfortunately, the record is silent with respect to the reasons for the tender by defendant and refusal of the court to give this instruction.

■ When tape recorders are used to preserve a record for review, all proceedings held and statements made should be clearly recorded. This includes a session called to review the tendered instructions when objections are made, discussions held and rulings made. In the instant case, the session on instructions took a minute. Defendant failed to state any reasons why U.J.I. 40.40 should be given, and the court simply said "refused." No objections were made by the State. The tender sounded like an empty gesture.

■■ Regardless of a defense attorney's failure to press the right button and get the right answer, the trial court should be totally absorbed in the difficult mission of rendering justice to the State and the defendant. Justice should not appear on the scene with her eyes bandaged. The judge must bear the entire responsibility for a fair trial, fairly recorded, and not remain mute and inscrutable as a sphinx. He should request an attorney to state his reasons for instructions tendered and make rulings thereon, stating the basis for the rulings made. He should request objections to instructions tendered by opposing attorneys. This is important in criminal cases where the life or liberty of an accused is at stake. The attorney who defended the accused at trial was replaced by an attorney on this appeal.

■ U.J.I. 40.40 was adopted by the Supreme Court as a protection for defendant against statements made after his arrest. It is broad and expansive in its language. It must be given when evidence has been admitted concerning a statement allegedly made by a defendant even though the statement be admitted in evidence without objection. The trial court does not determine whether the statement made was voluntary or involuntary. To determine from all the evidence in the case, and from surrounding circumstances, whether the statement made was voluntarily given, rests solely with the jury. The jury "should *consider* if it was freely made and not induced by promise or threat." This language does not confine inducement to that exercised by police officers. A statement of a defendant can be induced by promise or threat of third persons.

The only claimed exculpatory evidence of statements made, arose from what defendant belatedly called a "threat." Rivera, who had stolen a gun with defendant's knowledge, pointed the gun at defendant and fired once in the air. Defendant interpreted this conduct to mean that Rivera forced defendant to take Rivera wherever Rivera wanted to go; that defendant was scared when he took Rivera to the area of Circle K where the robbery occurred.

The instruction does not define the meaning of "threat." 86 C.J.S. *Threats & Unlawful Communication,* § 1 (1954) reads:

The term "threat" has been said to be very broad and indefinite, including almost any kind of an expression of intention to do an act against another, and ordinarily signifies an intention to do some sort of harm, and has been regarded as synonymous with "intimidation" and "menace."

See also 41A Words and Phrases, p. 268 (1965). " 'Threat' is a belligerent word frequently connoting coercion." Restatement, Torts, § 783, comment (a).

■ The word "threat" in an instruction in a criminal case should be defined. Members of a jury may easily disagree on what constitutes a "threat." We shall not define the word. We shall accept for purposes of this opinion only, that Rivera's conduct, which frightened defendant was a "threat."

We were not assisted by opposing attorneys to determine whether the failure to give U.J.I. 40.40 was prejudicial error. No citation or discussion of *State v. Barnett,* supra, was made in the briefs. This case is cited in the Committee Commentary, supra. Here, the Supreme Court held that where a

defendant testifies at trial to the same matters contained in his confession, the giving of an instruction as to the voluntary nature of the confession is *unnecessary* or harmless error.

■ Does U.J.I. 40.40 modify *Barnett*? It was adopted by the Supreme Court after *Barnett*. When this event occurs, the U.J.I. instruction takes precedence over a previous decision of the Supreme Court and modifies it. *Goffe v. Pharmaseal Laboratories, Inc.*, N.M., 568 P.2d 589 (1977). We believe that U.J.I. 40.40 modified *Barnett* in this respect: It is mandatory and must be used in every case that involves the determination of the voluntariness of statements made by a defendant. We can no longer say that it is "unnecessary."

U.J.I. 40.40 is so broad and expansive in meaning that the trial court had a duty to give this instruction to the jury. The question, of course, is, was the refusal to give the instruction harmless error?

Harmless error is defined in *State v. Johnson*, 1 Wash.App. 553, 463 P.2d 205, 206 (1969) as follows:

A harmless error is an error which is trivial or formal or merely academic and was not prejudicial to the substantial rights of the party assigning it, and in no way affected the final outcome of the case. The standard used to determine whether error is harmless or prejudicial is to ascertain whether it presumptively affected the final result of the trial. [Authorities omitted.] To determine this it is necessary for the court to examine the entire record.

■ A reviewing court, upon its own review of the record, must be able to declare a belief, beyond a reasonable doubt, that the error in no way influenced the verdict. *Nishchuk v. State*, 32 Md.App. 403, 362 A.2d 91 (1976). We point this out because " 'Harmless error' is a doctrine which permits an appellate court to affirm a conviction in spite of error appearing in the record. It has been called a 'cop-out' for appellate judges—an abdication of the judicial function in criminal appeals." *State v. Michelli*, 301 So.2d 577, 579 (La.1974).

"Judgment, the play of impression and conviction along with intelligence, varies with judges and also with circumstances. What may be technical for one is substantial for another; what minor and unimportant in one setting crucial in another." *Kotteakos v. United States*, 328 U.S. 750, 761, 66 S.Ct. 1239, 1246, 90 L.Ed. 1557 (1946). Oftimes, harmless error is a convenient method of affirming a conviction. See *State v. Alderete*, 86 N.M. 600, 526 P.2d 194 (Ct.App. 1974), Sutin, J., dissenting; *State v. Romero*, 86 N.M. 674, 526 P.2d 816 (Ct.App. 1974), Sutin, J., dissenting; *Maxwell v. Santa Fe Public Schools,* 87 N.M. 383, 534 P.2d 307 (Ct.App.1975), Sutin, J., Specially concurring.

■ In making a determination of whether error is harmless or prejudicial in criminal cases, the reasons therefore should be stated.

Rule 51 of the Rules of Criminal Procedure [41–23–51, N.M.S.A., 1953 (2d Repl. Vol. 6, 1975 Supp.)] is entitled Harmless error. It reads:

Error in either the admission or the exclusion of evidence and error or defect in any ruling, order, act or omission by the court or by any of the parties is not grounds for granting a new trial or for setting aside a verdict, for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take any such action appears to the court inconsistent with substantial justice.

In *State v. Bauske*, 86 N.M. 484, 525 P.2d 411 (Ct.App.1974), defendant asserted his arrest was illegal. He claimed under Rule 51, supra, and the "plain error" rule [20–4–103(d), N.M.S.A., 1953 (Repl. Vol. 4, Supp. 1973)], that no error is harmless if it is inconsistent with substantial justice. Chief Judge Wood said:

The answer to defendant's contention is factual. No issue was raised in the trial court concerning the arrest. [86 N.M. at 487, 525 P.2d at 414.]

In *State v. Turner*, 90 N.M. 79, 559 P.2d 1206 (Ct.App.1976), this Court held that it was harmless error to deny defendant the

right to know the identity of and to cross-examine a witness where the evidence in question was not most favorable to defendant. The Court said:

> We fail to see how defendant could benefit in anyway by learning the identity of and cross-examination of the boyfriend. [559 P.2d at 1208.]

*Bauske* and *Turner* have set up two standards for determining "harmless error": (1) whether the issue was raised in the trial court and (2) whether the relief sought would be beneficial to defendant.

(1) Defendant did not raise the issue of "involuntary statements" in the trial court. It was not a theory of defendant's case. Defendant testified at trial to the same facts he voluntarily gave the police officers. He never requested an attorney and had no hesitation in speaking because he claimed innocence and had nothing to hide. His statements were freely made and not induced by any promise or threat of the police officers. Defendant was interrogated four different times, and, in some respects, he gave four different accounts of his evening activities before and after the robbery. Involuntariness of statements made was not an issue in the case. It was not raised or argued in the trial court.

(2) Giving of the instruction would not have been beneficial to defendant. It in no way affected the final outcome of the case. A jury reading U.J.I. 40.40 would have laid it aside because all statements made were voluntarily given.

On appeal, the only claim of prejudice made by defendant was that "Defense counsel should therefore have been allowed to argue the issue of voluntariness in connection with the appropriate instruction." It is true that " . . . the court's instructions must permit the parties to thoroughly argue to the jury their theories of the case." *State v. Carter,* 4 Wash. App. 103, 480 P.2d 794, 799 (1971). The answer to defendant's contention is simple. No issue was raised during the trial that the statements made were involuntary by reason of Rivera's threat. Defendant admitted they were voluntary. To have argued the alleged "threat" in the light of this instruction would have been trivial.

We have examined the entire record. We can declare beyond a reasonable doubt that the error claimed was harmless. First, the voluntariness of the statements made to the police officers was not an issue in the trial court. Second voluntariness disappeared when defendant testified to the same facts given to the police officers. Third, defendant testified that the statements made to the police were voluntary. Fourth, defendant could not benefit by making an oral argument on the involuntariness of the statements because it was in contradiction of his testimony.

The conviction is affirmed.

IT IS SO ORDERED.

LOPEZ, J., concurs.

HERNANDEZ, J., concurring in result only.