587 P.2d 1347

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles Ruben GALLEGOS, Defendant-Appellant.**

**No. 3666.**

Court of Appeals of New Mexico.

Nov. 21, 1978.

David R. Lee, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Janice M. Ahern, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The victim was knifed in a fight; defendant appeals his conviction of aggravated battery. Issues listed in the docketing statement, but not briefed, were abandoned. *State v. Ortiz,* 90 N.M. 319, 563 P.2d 113 (Ct.App.1977). Defendant's appellate contention is that statements made by him to the investigating officer were improperly admitted. This contention involves: (1) requirements for admissibility; (2) procedure for admissibility; and (3) propriety of admitting the statements.

### Requirements for Admissibility

The statements made by defendant were inculpatory statements. Without considering whether the statements were confessions, we apply the standard for admissibility of confessions to the admissibility of these statements. See *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Two prerequisites, or foundation requirements, for admissibility are: 1) a prima facie showing of voluntariness, *State v. Barnett,* 85 N.M. 301, 512 P.2d 61 (1973); *State v. Watson,* 82 N.M. 769, 487 P.2d 197 (Ct.App.1971); and 2) compliance with the advice of rights required by *Miranda v. Arizona,* supra "to secure the privilege against self-incrimination."

It is, of course, defendant's right to require that these foundational requirements are met. "[A]bsent some contemporaneous challenge" to these foundational requirements in the trial court, an appellate claim that foundational requirements were not met will not be reviewed. See *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), reh. denied, 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977); *State v. Word,* 80 N.M. 377, 456 P.2d 210 (Ct.App.1969). This is no more than the application of procedural rules. Error may not be predicated upon a ruling admitting

evidence unless there was "a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context". Evidence Rule 103(a)(1). "To preserve a question for review it must appear that a ruling or decision by the trial court was fairly invoked". N.M.Crim.App. 308; *Melon v. State,* 90 N.M. 787, 568 P.2d 1233 (1977).

*Procedure for Admissibility*

(a) During the direct examination of the investigating officer, the prosecutor sought to introduce statements made to the officer by defendant. When defendant objected to the admissibility of the statements, the prosecutor claimed that defendant's objection should not be considered because defendant never sought to suppress the statements under Rule of Crim.Proc. 18(c). This rule reads:

(c) *Time for Filing.* A motion to suppress shall be made within twenty days after the entry of a plea, unless, upon good cause shown, the trial court waives the time requirement of this rule.

Because defendant did not seek suppression of the statements prior to trial, the State claims defendant could not object to admission of the statements at trial. The State relies on *State v. Helker,* 88 N.M. 650, 545 P.2d 1028 (Ct.App.1975), cert. denied, 429 U.S. 836, 97 S.Ct. 103, 50 L.Ed.2d 102 (1976).

*State v. Helker,* supra, held that the time limitation of Rule of Crim.Proc. 18(c) was proper and did not violate a defendant's constitutional right to be heard on the voluntariness of a confession. *Helker* did not consider whether defendant's objection to the admission of a statement at trial should not be heard if there was no pretrial motion to suppress.

■ If defendant had affirmatively sought suppression of the statements and had offered evidence to support suppression, the trial court could properly have excluded such evidence and denied the motion to suppress because untimely under Rule of Crim.Proc. 18(c). See *State v. Aragon,* 89 N.M. 91, 547 P.2d 574 (Ct.App.1976). Defendant did not, however, seek to suppress the statements. His trial court claim was a limited claim. Defendant's claim went only to the foundation requirements for the admission of the statements. These foundation requirements were preliminary questions concerning admissibility. Evidence Rule 104(a). These preliminary questions went to evidence being offered by the prosecutor. Defendant's right to be heard on whether the prosecutor had laid a sufficient foundation for admission of the statements was not barred by the fact that defendant had not sought to suppress the statements under Rule of Crim.Proc. 18(c).

(b) We consider the contents of defendant's objection later in this opinion. After objecting, defendant sought, and was permitted, to voir dire the officer. The voir dire was conducted in the presence of the jury. Defendant contends it was plain or fundamental error to conduct the hearing in the presence of the jury.

Defendant has presented nothing which demonstrates fundamental error, as that term is explained in *State v. Rodriguez,* 81 N.M. 503, 469 P.2d 148 (1970). His plain error claim is necessarily predicated on Evidence Rule 103(d), which requires notice of plain errors affecting substantial rights even though the asserted errors were not brought to the attention of the trial court. Defendant did not ask the trial court to exclude the jury during the voir dire of the officer, and no question concerning the jury's presence during the voir dire was raised in the trial court.

Defendant asserts there were two errors, either of which amounted to plain error.

■ First, defendant relies on Evidence Rule 104(c) which states: "Hearings on the admissibility of confessions shall in all cases be conducted out of the hearing of the jury." The voir dire of the officer was a hearing on the admissibility of defendant's inculpatory statements. Since the hearing

was in the presence of the jury, Evidence Rule 104(c) was violated. This error did not, however, adversely affect any substantial right of defendant because defendant's statements were properly admitted. The violation of Evidence Rule 104(c) was not plain error because the violation did not result in a miscarriage of justice and the violation did not affect the fairness or integrity of the trial. *State v. Marquez,* 87 N.M. 57, 529 P.2d 283 (Ct.App.1974). Compare *State v. Lara,* 88 N.M. 233, 539 P.2d 623 (Ct.App.1975) with *State v. Baca,* 89 N.M. 204, 549 P.2d 282 (1976).

Second, defendant asserts that he had a right, under the Constitution, to have a hearing on the voluntariness of his statements out of the presence of the jury. He relies on *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964). Assuming at this point there was a "voluntariness" issue, *Pinto v. Pierce,* 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31 (1967), reh. denied, 389 U.S. 997, 88 S.Ct. 462, 19 L.Ed.2d 499 (1967) pointed out that *Jackson v. Denno,* supra, did not so hold. *Pinto v. Pierce* states:

> This Court has never ruled that all voluntariness hearings must be held outside the presence of the jury, regardless of the circumstances. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), held that a defendant's constitutional rights are violated when his challenged confession is introduced without a determination by the trial judge of its voluntariness after an adequate hearing. A confession by the defendant found to be involuntary by the trial judge is not to be heard by the jury which determines his guilt or innocence. Hence, because a disputed confession may be found involuntary and inadmissible by the judge, it would seem prudent to hold voluntariness hearings outside the presence of the jury. In this case, however, the confession was held voluntary and admitted as evidence suitable for consideration by the jury. In addition, there is no claim that because the hearing was held in the presence of the jury it was inadequate or had any

other unfair consequences for the respondent.

See *State v. Soliz,* 79 N.M. 263, 442 P.2d 575 (1968).

*If* there were a voluntariness issue, there was no error and, thus, no plain error, in holding the hearing in the presence of the jury because the statements were properly admitted.

■ (c) Defendant complains, on appeal, of the failure of the trial court to instruct the jury on the voluntariness of defendant's statements. This complaint does not involve a requested instruction which was refused. See *State v. Zamora,* 91 N.M. 470, 575 P.2d 1355 (Ct.App.1978). Defendant did not request that the jury be instructed on the voluntariness of his statements. See U.J.I.Crim. 40.40. Not having requested such an instruction, the trial court did not err in failing to give the instruction. Rule of Crim.Proc. 41(d).

*Propriety of Admitting the Statements*

(a) When the prosecutor asked the officer about defendant's statements, defendant objected:

> "Your Honor, I'm going to object to this. There has not been a proper foundation laid for this, Judge. He should know the foundation."

This "foundation" objection did not inform the trial court as to what requirement for admissibility was lacking. When the prosecutor commented that the statements were defendant's admissions, defendant stated:

> "There is something known as *Miranda,* Judge. I think we have a uniform cop, may I voir dire?"

Permission to voir dire was granted. Defendant's voir dire went only to whether defendant was free to leave at the time he made the statements to an armed, uniformed officer.

Defendant recognizes, on appeal, that neither the objection in the trial court nor the voir dire proceedings directly raised a

"voluntariness" claim. Defendant's brief states: "Defense counsel did raise the issue of compliance with *Miranda* and thereby impliedly the issue of voluntariness." We disagree.

The advice of rights required by *Miranda* was to secure the privilege against self-incrimination. This requirement applies regardless of the voluntariness of the statement and, thus, is a requirement separate from the voluntariness requirement. *Michigan v. Tucker,* 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974) stated that "*Miranda,* for the first time, expressly declared . . . that a defendant's statements might be excluded at trial despite their voluntary character under traditional principles." *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975) states:

In the *Miranda* case this Court promulgated a set of safeguards to protect the there-delineated constitutional rights of persons subjected to custodial police interrogation. In sum, the Court held in that case that unless law enforcement officers give certain specified warnings before questioning a person in custody, and follow certain specified procedures during the course of any subsequent interrogation, any statement made by the person in custody cannot over his objection be admitted in evidence against him as a defendant at trial, even though the statement may in fact be wholly voluntary. See *Michigan v. Tucker,* 417 U.S. 433, 443, 94 S.Ct. 2357, 2363, 41 L.Ed.2d 182.

■ The *Miranda* requirements for admissibility and the "voluntariness" requirements for admissibility are separate concepts.

■ Defendant's objection to admissibility of his statements went only to the *Miranda* requirements. No issue as to voluntariness was raised in the voir dire. No ruling by the trial court, concerning voluntariness, was fairly invoked. N.M.Crim. App. 308.

■ (b) Defendant contends that "the trial court did not make a determination of voluntariness," as required by *Jackson v. Denno,* supra. Our answer is that no issue as to voluntariness was raised either by defendant's *Miranda* objection or by defendant's voir dire of the officer. After this voir dire was concluded, the prosecutor asked a series of *Miranda* foundation questions, after which defendant's statements were admitted without objection by defendant. After these questions by the prosecutor, the trial court was never asked to rule, and never made an express ruling, on the admissibility of the statements—either under *Miranda* or on the basis of voluntariness. There being no objection from defendant after the prosecutor's foundation questions, and no motion to strike the officer's testimony concerning the statements, error cannot be predicated upon the absence of an affirmative ruling by the trial court concerning voluntariness. Evidence Rule 103(a)(1).

■ (c) Defendant asserts that his statements were admitted without a showing of compliance with the *Miranda* requirements. There are several answers to this claim. 1. After the prosecutor's foundation questions, no objection was made to the admission of the statements and no motion to strike was made. 2. The foundation questions asked by the prosecutor show that defendant's first statement, an admission that he had been fighting, was made when the officer was attempting to learn what had occurred and who was involved. *Miranda* states: "General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding." The *Miranda* warnings were not applicable to this first statement. *State v. Chambers,* 84 N.M. 309, 502 P.2d 999 (1972). 3. After defendant admitted he had been fighting, he was searched but nothing was found on his person. A bloody knife was found on the ground nearby. Defendant was then placed under arrest and given the *Miranda* advice of rights. The officer asked defendant "if this was the knife he was using." "He said yes." This was the second statement. Defendant states:

"There is no testimony or showing that the defendant indicated he understood those [*Miranda*] rights and wished to waive them." We agree, but this does not aid defendant. No issue as to lack of understanding of his rights or as to lack of waiver of those rights was ever raised in the trial court. Compare *State v. Burk*, 82 N.M. 466, 483 P.2d 940 (Ct.App.1971), cert. denied, 404 U.S. 955, 92 S.Ct. 309, 30 L.Ed.2d 271 (1971). This claim of defendant, similar to the claim of psychological coercion in *State v. Harrison*, 81 N.M. 623, 471 P.2d 193 (Ct.App.1970), was not raised in the trial court and, thus, presents no issue for review.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.