Kenneth Richard **PETERSON**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19885.**

United States Court of Appeals
Ninth Circuit.

Sept. 28, 1965.

---

Norman Ty Hilbrecht, Las Vegas, Nev., for appellant.

John W. Bonner, U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before HAMLEY, JERTBERG and MERRILL, Circuit Judges.

MERRILL, Circuit Judge:

Following jury trial appellant was convicted of the crime of conspiring to steal Government property. In an earlier trial the jury had failed to agree upon a verdict. The sole error here assigned is the District Court's refusal to provide appellant, at Government expense, with a transcript of the proceedings upon the first trial.

Appellant as an indigent had proceeded from the outset with court-appointed counsel. After the conclusion of the first trial new counsel was substituted, who promptly moved the court for an order directing the United States to furnish the defendant with a transcript of the first trial at Government expense. The Government resisted the motion, and it was denied. When the case was called for trial, defense counsel renewed his motion and again it was denied.[1]

Appellant and his codefendant were charged with conspiring to steal an aircraft battery from Nellis Air Force Base, located near Las Vegas, Nevada. The defendants were civilians who had no access to the Base. The Government's case was founded on the testimony of one Hamilton, a member of the Air Force personnel stationed at the Base. He testified that he had been approached by the defendants, had thereupon reported the incident to Government authorities, had been encouraged by them to join in the conspiracy, and had done so.

Appellant emphasizes that the defense material sought by him was available not only to the United States but to every defendant able to pay the reporter's fees. He asserts that a refusal to provide it to indigents amounts to a denial of this defense material to the poor and a grant of it to all others. He contends that this runs counter to the holding in Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1955). He supports his position by pointing out that such is the rule of the state courts in the state of his arrest. State ex rel. Marshall v. Eighth Judicial District Court, Nev., 396 P.2d 680 (1964).[2]

1. In preparation for the second trial the United States secured a transcript of the testimony of appellant's codefendant, given at the first trial. This transcript was made available to appellant's counsel by the Government and was utilized by the Government in cross-examining the codefendant.

2. That case, too, involved a hung jury and a second trial with new, court-appointed counsel. The Supreme Court of Nevada upheld the trial court in its allowance of a transcript of the first trial over the contention of the District Attorney that no statute authorized such a charge against the county.

The Government seeks to distinguish Griffin upon the ground that there the denial of a transcript amounted to denial to the right to appeal. Here, it asserts the transcript was not, as it was in Griffin, a prerequisite to use of the very machinery of defense since the defendant here could still defend himself upon trial.

But this begs the question. If denial of the transcript rendered the trial unfair by constitutional standards, the defendant has been denied access to the very machinery of defense for which the Constitution makes provision.

The Government asserts that Griffin does not require that the quality of an indigent's defense in all respects must equal that of the more affluent defendant. We have no dispute with this general proposition. As Justice Frankfurter, concurring in Griffin, stated at 351 U.S. page 23, 76 S.Ct. at page 592:

> "Of course a State need not equalize economic conditions. A man of means may be able to afford the retention of an expensive, able counsel not within reach of a poor man's purse. Those are contingencies of life which are hardly within the power, let alone the duty, of a State to correct or cushion."

■ The Government need not then provide an indigent defendant with every advantage which money could buy for a litigant. The question is whether denial of access to this material in the circumstances of this case amounted, on the one hand, to a loss of mere advantage, or, on the other hand, to the deprivation of a basic essential of defense.

■ In our judgment, under any reasonable standard, earlier statements respecting the facts at issue made under oath by the Government's chief witness (upon whose testimony the Government case must stand or fall) must, when such statements are available, be regarded as essential tools of the defense. The importance of such material for purposes of impeachment was clearly spelled out in Jencks v. United States, 353 U.S. 657, 667, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1956). The importance of impeachment in this case is emphasized by the fact that the defense of appellant was actually a defense against the testimony of Hamilton. We conclude that to deprive a defendant of such vital and available defense material is to force him to combat insufficiently armed and thus to deprive him of fair trial.

In our judgment, where new counsel is involved and the testimony subject to impeachment is crucial to the Government's case, a transcript of the earlier testimony is the only adequate means for providing this material. The holding of this court in Forsberg v. United States, 351 F.2d 242 (9th Cir. 1965) [3] is thus distinguishable.

Where access to such essential material can be had for a fee, this "money hurdle" [4] must, under Griffin, be met for the indigent at Government expense. In this case means for meeting it is provided by Title 28, § 753(f), U.S.C.[5]

We conclude that it was error not to provide appellant at Government expense with a transcript of the testimony given by Hamilton at the first trial.

Reversed and remanded for new trial.

3. We there upheld denial of a transcript of an earlier trial where the defendant was represented by the same counsel at both trials and the trial court had ruled that it would permit the reporter during the second trial to read to appellant's lawyer out of the presence of the jury the testimony of any witness who had testified at the first trial.

4. Justice Frankfurter's description, concurring in Griffin v. People of State of Illinois, 351 U.S. at page 23, 76 S.Ct. 585.

5. This section deals with court reporters. Subsection (f) provides in part:
> "Fees for transcripts furnished in criminal or habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose."