**UNITED STATES of America, Plaintiff,**

v.

**Charles Ruble SISK et al., Defendants.**

**Crim. A. No. 6990.**

United States District Court, E. D. Tennessee, Northeastern Division.

March 25, 1968.

J. H. Reddy, U. S. Atty., Knoxville, Tenn., for plaintiff.

Thomas J. McKinney, Jr., Kingsport, Tenn. (appointed), for defendant.

MEMORANDUM OPINION

NEESE, District Judge.

A grand jury indicted the defendant Mr. Sisk on October 3, 1967. He appeared for arraignment with retained counsel on October 23, 1967 and entered a plea of not guilty to both counts of the indictment. The action was assigned for trial on November 27, 1967.

In the interim, on November 16, 1967, Mr. Sisk moved for a continuance on the ground of inflammatory publicity. This motion was denied on November 21, 1967

and the following day, Mr. Sisk interposed additional motions (a) for a continuance to allow his counsel time to review the testimony of an anticipated witness and (b) to suppress certain evidence. The first of those motions was denied on the day filed.

On November 27, 1967, the date assigned for trial, the defendant Mr. Sisk moved for a severance of trial from his codefendant Mr. Judd. A jury was impaneled, but not sworn, and in the absence of the panel, the Court heard evidence and arguments on the outstanding motions. The motion for a severance was overruled. Other matters were reserved, especially in view of the absence of one witness for the prosecution, and the action was re-assigned for trial to commence on February 20, 1968.

On December 15, 1967, the retained attorney for Mr. Sisk petitioned the Court to be allowed to withdraw as such counsel. Mr. Sisk was notified to appear on January 5, 1968 and show cause why his retained counsel should not be permitted to withdraw. Upon specific assurances of Mr. Sisk in open court on that date that he had financial means to supply counsel of his own choosing, to the end that this action would proceed to trial as scheduled on February 20, 1968, the petition of his retained counsel was granted " * * * as of January 22, 1968, in the event the motion is not withdrawn and on the assurance by Mr. Sisk that he will have other counsel enter appearance by that date. * * "

When appearance of substitute counsel for Mr. Sisk had not been entered by the aforementioned date, he was again directed to show cause why his counsel should not be relieved as requested on February 7, 1968. Mr. Sisk again appeared and again assured the Court that his retained counsel would enter an appearance forthwith. However, on February 16, 1968, Mr. Sisk appeared voluntarily in open court, filed CJA form 2, which reflected to the satisfaction of the Court that he was then unable financially to retain counsel, and the Court appointed Thomas McKinney, Jr., Esq., to represent him. Mr. Sisk was admonished on that (Friday) date that his trial definitely would commence the following Tuesday morning and that he should contact his appointed counsel without any delay that same day to allow all possible time for preparation of his defense.

Mr. Sisk did not contact his appointed counsel until that evening, agreeing then to appear in appointed counsel's office the following morning. He did not appear, however, in Mr. McKinney's office until the following Monday, one day before the trial was to commence.

The Court entered its memorandum opinion and order overruling the motion of this defendant for the suppression of evidence on the morning of trial, 309 F. Supp. 81. The motion of Mr. Sisk for a continuance on the ground that his appointed attorney had not had sufficient time to prepare his defense was overruled. Substitute counsel was permitted to challenge further the jury previously impaneled, and one juror was replaced by an alternate on the basis of such challenge.

Trial proceeded on February 20 and 21, 1968 until the prosecution completed presentation of its proof and rested. At the request of appointed counsel for Mr. Sisk the jury was respited at about noon on the latter date to the morning of February 23, 1968, to afford Mr. McKinney time to review the evidence presented by the prosecution and to prepare further the defense of Mr. Sisk. The Court announced that further cross-examination would be permitted when the trial was resumed. After adjournment on the second day of trial, unbeknown to the Court, Mr. McKinney [1] requested the official court reporter [2] to transcribe the

---

1. This was the first criminal case Mr. McKinney had tried in this Court.

2. Mr. Edwin Roberson, the official court reporter, had been occupying this position for a comparatively brief period theretofore.

testimony of two witnesses for the prosecution to be used in the anticipated further cross-examination. The reporter complied immediately with such request.

On the resumption of the trial and further cross-examination by defense counsel of one witness for the prosecution, the defendant Mr. Sisk presented two character witnesses and rested. After arguments and charge, the jury deliberated and returned verdicts that both defendants were guilty as charged in both counts of the indictment. The official court reporter has now applied to the Court for an order requiring the United States to pay his fee for such transcription.

The standing order for representation of indigent defendants in criminal cases of this Court, as amended on August 3, 1965, provides that " *   *   * In the event counsel finds that defendant needs investigative, expert or other services necessary to an adequate defense of his case which he is financially unable to obtain, counsel may request authorization in ex parte application to the Court. If upon review of such application the Court deems it to be in the interest of justice to procure the requested services, the Court may authorize such services, and upon the filing of a claim for compensation, supported by affidavit, direct the payment of such services, but not in excess of $300.00, exclusive of reimbursement of expenses reasonably required, as provided by 2(e) of the Criminal Justice Act of 1964. *   *   *" Minute Book E, p. 115, of this Court. The official court reporter had recorded by mechanical means the testimony of the witnesses which Mr. McKinney desired to review. " *   *   * Upon the request of any party to any proceeding which has been so recorded who has agreed to pay the fee therefor, or of a judge of the court, the reporter shall promptly transcribe the original records of the requested parts of the proceedings and attach to the transcript his official certificate, and deliver same to the party or judge

making the request. *   *   *" 28 U.S.C. § 753(b).

" *   *   * Each reporter may charge and collect fees for transcripts requested by the parties *   *   *. Fees for transcripts furnished in criminal *   *   * proceedings to persons allowed to *   *   * defend *   *   * in forma pauperis shall be paid by the United States *   *   *." 28 U.S.C. § 753(f). " *   *   * The court may, in the interests of justice, *   *   * ratify such services after they have been obtained. *   *   *" 18 U.S.C. § 3006A(e). " *   *   * The Judicial Conference Committee to Implement the Criminal Justice Act has taken the position that where there was an existing statute providing for the payment of fees or costs which was already in operation, the Criminal Justice Act should not be regarded as superceding such statute. The Committee agreed, specifically, that authorizations for transcript fees should continue to be made under Sections 28 U.S.C. 753(f) and 28 U.S.C. 1915(a). *   *   *" Letter of May 5, 1967 of acting chief of business administration, Administrative Office of the United States Courts.

Under all the circumstances of this situation, the Court, on proper application by the defendant Sisk, would have deemed it to be in the interest of justice for him to procure the requested parts of the proceedings herein and would have authorized the court reporter to transcribe the same and deliver it to appointed counsel for this defendant. It might have constituted error for the Court not to provide new counsel for Mr. Sisk with the requested material at the expense of the federal government. *Cf.* Peterson v. United States, C.A. 9th (1965), 351 F.2d 606, 608 [2].

This Court cannot find that " *   *   * timely procurement of necessary services could not await prior authorization *   * [and thereupon] ratify such services after they have been obtained. *   *   *" 18 U.S.C. § 3006A(e). The Court was

available to counsel for the defendant Mr. Sisk for purposes of his ex parte application for the requested transcript. This, however, does not preclude the Court's ordering payment.

" * * * It is contemplated by the [Criminal Justice] Act that counsel should be afforded the fullest opportunity to prepare their case. The rule in allowing defense services is that the Judge need only be satisfied that they reasonably appear to be necessary to *assist* counsel in their preparation * * *." United States v. Pope, D.C.Neb. (1966), 251 F.Supp. 234, 241 [16], cited in Ray v. United States, C.A.8th (1966), 367 F. 2d 258, 266, fn. 12, certiorari denied (1967), 386 U.S. 913, 87 S.Ct. 863, 17 L.Ed.2d 785. " * * * Copies of transcripts * * * unquestionably are an essential tool in defense work. * * *" United States v. Pope, *supra*, 251 F.Supp. at 240[11].

On presentation by appointed counsel for the defendant of Mr. Sisk's affidavit that he was unable to pay the fees and costs of his defense herein, or give security therefor, and stating further the nature of this action against him and his belief that he is entitled to redress herein, this Court will authorize his defense of this action without the prepayment of fees and costs or giving of security, 28 U.S.C. § 1915(a) nunc pro February 16, 1968. On application now by such counsel for services of the official court reporter in transcribing and delivering to counsel the testimony of the witnesses Quinn and Lyda for purposes of review to prepare for further cross-examination of such witnesses and for further preparation of the defense of Mr. Sisk, the Court will grant such application *nunc pro* February 21, 1968. Thereafter, the Court will consider the application of the official court reporter for reimbursement of expenses reasonably required on AO form 9, or otherwise as may be required by 2(e) of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A(e).

