**Waldon Keith DAVIS, Petitioner,**

v.

**Ira M. COINER, Warden of the West Virginia State Penitentiary,
Respondent.**

**Civ. A. No. C–71–13–E.**

United States District Court,
N. D. West Virginia.
April 2, 1973.

**696**

John Marshall, III, Wheeling, W. Va., for petitioner.

Chauncey H. Browning, Atty. Gen. of West Va., Richard Hardison, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Pursuant to Petitioner's application for habeas corpus relief, brought under 28 U.S.C. § 2241 et seq., in the above styled matter, this Court on November 22, 1972, dismissed two of Petitioner's three allegations, appointed an attorney and scheduled a hearing for his third allegation. Plenary hearings were held and evidence was taken on December 19, 1972, and February 27, 1973.

Petitioner's contention before the Court is that he was denied equal protection of the law as well as the effective assistance of counsel because of the state court's application of the provisions of W.Va.Code § 62-3-1 (Michie 1966) to the circumstances of his case. He contends that he was deprived of his constitutional rights by the state court's refusal to authorize the expenditure of state funds for his court-appointed attorney to travel to North Carolina to take the deposition of a witness material to his defense or, in the alternative, to retain a North Carolina attorney for the purpose of taking the deposition.

Petitioner does. not allege that his attorney's conduct amounted to ineffective assistance, as such, but only that the state court's refusal to advance funds constituted the denial of a meaningful defense, in the context of the constitutionally secured right to counsel as well as under the equal protection clause of the Fourteenth Amendment.

W.Va.Code § 62-3-1 (Michie 1966) authorizes the expenditure of state funds to defray the cost of the state being represented at the taking of an out-of-state deposition, but does not authorize any funds for an indigent defendant's court-appointed attorney to travel out of state for the purpose of taking a deposition.

The Court after consideration of the testimony adduced at the hearings and the memoranda of law submitted is of the opinion that there is merit in the Petitioner's contention and the requested relief should be granted. The essential facts are as follows.

Petitioner and his brother were arrested on October 10, 1967, shortly after the armed robbery of a small loan company in Charleston, West Virginia. They were apprehended while hiding under some brush and were charged with the offense of armed robbery. They were armed and a large sum of money was found in Petitioner's sock. Later, at his state court jury trial, Petitioner was identified by the owner of the loan company as one of the robbers. Petitioner's defense at his jury trial was that he was not involved in the robbery at all, nor was he near the scene when it occurred. He contends that he met his brother shortly after the robbery and tried to convince him to return the money. While attempting to do this, Petitioner and his brother were arrested. Petitioner's brother, Gary Davis, also convicted of the offense, testified at the state court trial that an un-

named man from Detroit was his accomplice and not Petitioner.

Relevant to this federal habeas corpus action is Petitioner's claim that at the time of the robbery he was with another man, David L. Young, who would have testified as to Petitioner's non-involvement in the crime. This alibi witness was incarcerated in North Carolina at the time of trial. Petitioner's attorney, acting pursuant to West Virginia Code § 62–3–1, filed with the trial court an affidavit attesting to the materiality and purpose of Young's testimony and requested funds to take Young's deposition. The court granted the motion to take the testimony but refused to advance any funds for that purpose. The Supreme Court of Appeals of West Virginia, in affirming Petitioner's conviction, held that it was not "aware of any law which would have authorized the trial court to direct or to require the payment of public funds in accordance with the motion to take the deposition of the non-resident witness . . . obviously the statutory language . . . is not in point." State v. Davis, 153 W.Va. 742, 172 S.E. 2d 569 (1970).

The issue now before this Court is whether or not the statutory language and the application of this statute, in the context of Petitioner's case, deprived him of a constitutionally fair trial. The Court, as stated earlier, is of the opinion that federal habeas corpus relief must be granted, for two reasons.

I

■■ The statute in question effectively denied Petitioner his right to the equal protection of the law under the Fourteenth Amendment to the Constitution of the United States. West Virginia Code § 62–3–1 allows a defendant, who can afford it, a deposition from an out-of-state witness, while denying the same to an indigent defendant. A defendant in a proper case, capable of paying his attorney's traveling and other expenses necessary to an out-of-state dep-

osition can, under the statutory language, be assured that the state will defray the needed expenses of the prosecutor's attendance at the taking of the witness's deposition, and therefore guarantees its admission at trial. An indigent, on the other hand, cannot so benefit from the statute. It is now unquestioned that an indigent must be afforded the same opportunity to defend himself as an affluent defendant. "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has." Griffin v. Illinois, 351 U.S. 12, 19, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956). Here it appears from credible testimony from Petitioner's state court counsel, and otherwise, that Petitioner's trial was severely weakened by the absence of Young's testimony.

Petitioner himself testified before this Court that Young would have definitely placed him far from the scene of the robbery and corroborated his alibi. If this were the only testimony, this Court would be reluctant to depend upon Petitioner's theory. There are certain material inconsistencies in his testimony before this Court that fail to strengthen the credibility of his testimony. However, Petitioner's trial attorney testified that he interviewed Young in jail before Young left West Virginia and determined that Young's testimony would in addition to substantially corroborating that of Petitioner's brother and placing Petitioner far from the scene of the robbery have been much more credible than that of Gary Davis. In sum, the attorney stated in a convincing manner that Young's testimony was material and necessary to Petitioner's defense.

Thus, the statute, when applied to this indigent defendant, financially unable to send his attorney beyond the borders of West Virginia to depose a material witness, is unconstitutional.

II

■ The state's failure to provide the requested expenses here also denied Pe-

titioner his right to the effective assistance of counsel under the Sixth Amendment.

 It is, of course, settled law that an indigent is entitled to the assistance of counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Moreover, such representation must be more than a mere formal appointment. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1966), Fields v. Peyton, 375 F.2d 624 (4th Cir. 1967). Indigency cannot be allowed to thwart a constitutionally protected right. Griffin v. Illinois, supra. More particularly, in a proper factual background the state, and federal government, may be required to bear the expense and costs necessary for an adequate and meaningful defense. For cases in point see: United States v. Products Marketing, 281 F.Supp. 348 (D. C.Del.1968), United States v. Germany, 32 F.R.D. 421 (M.D.Ala.1963).

The Sixth Amendment right to counsel would be a hollow one indeed if the counsel appointed were not given the tools necessary to prepare a meaningful defense. In the circumstances of this case, the state's refusal to advance funds for the taking of the deposition forced Petitioner to go to trial with an alibi defense that could not be adequately presented by his court-appointed attorney. Such defense here could not be fairly presented without the testimony of Young.

Finally, the Court believes the case at hand is distinguishable from Walker v. Coiner, 474 F.2d 887 (4th Cir. 1973), despite the striking similarity of facts. In *Walker* the court determined that Petitioner, even though denied deposition expenses under West Virginia Code § 62–3–1, could have utilized West Virginia Code § 62–6A–1 (Michie 1966)—The Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Cases. "A readily available method existed [in Walker] whereby appellant could have secured his witness. . . . Accordingly, we see no need to unnecessarily question the validity of the West Virginia statute authorizing depositions. . . ." *Walker*, supra.

 While the Uniform Act was in existence at the time of Petitioner's trial, the evidence at the hearings before this Court indicates that it was not applicable to Petitioner's case. Petitioner's attorney testified that he knew of the statute but felt that it did not apply because Young was incarcerated in North Carolina, thus limiting Young's use as a witness solely to the deposition vehicle. Moreover, the state court attorney testified that the practice in the Intermediate Court of Kanawha County was to deny the requisite funds under West Virginia Code § 62–6A–1. For this reason he felt the better course of action was to proceed under West Virginia Code § 62–3–1.

For the above cited reasons, it is ordered and adjudged that the conviction of and sentence imposed upon Petitioner by the Intermediate Court of Kanawha County on September 26, 1968, be, and the same hereby is, declared null and void. However, the issuance of the writ shall be stayed a reasonable time in order that the State of West Virginia might have the opportunity to retry Petitioner in a constitutionally permissible manner or otherwise act in a manner consistent with this opinion. If the State of West Virginia should fail to retry Petitioner within a reasonable time or otherwise fail to act in a manner consistent with this opinion, then Petitioner shall be released from custody.