559 P.2d 1206

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ernest TURNER, Defendant-Appellant.**

**No. 2453.**

Court of Appeals of New Mexico.

Nov. 30, 1976.

Certiorari denied Jan. 7, 1977.

Jan A. Hartke, Acting Chief Public Defender, Don Klein, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

James L. Brandenburg, Dist. Atty., Jeffrey M. Libit, Asst. Dist. Atty., Albuquerque, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of rape contrary to § 40A-9-2, N.M.S.A.1953 (2d Repl.Vol. 6, 1972) subsequently repealed, and aggravated burglary contrary to § 40A-16-4(C), N.M.S.A.1953 (2d Repl.Vol. 6, 1972) defendant appeals on the following grounds: (1) denial of transcript; (2) denial of motion in limine; (3) denial of motion for change of venue; (4) denial of motion for mistrial; (5) denial of funds for unrestricted polygraph examination; (6) denial of motion for a new trial based on inquiry of numerical division of jury; and (7) denial of motion for a directed verdict.

*Denial of Transcript*

Defendant's first trial ended in a mistrial. Subsequently, defendant moved

for production of a transcript of the first trial. The motion was denied on the grounds that there was an alternative method available, that is, the court reporter, who was the court reporter at the first trial, would have available the testimony of the first trial and if any conflict or apparent conflict existed the testimony would then be read. The record reveals this method was in fact used. The second trial was also conducted by the same trial judge and same attorneys approximately two and one-half months after the first trial.

In *State v. Romero,* 87 N.M. 279, 532 P.2d 208 (Ct.App.1975) this court adopted the spirit and rationale of *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971) relevant to a determination of need: (1) value, which we will assume in the instant case, and (2) availability of alternative devices that would fulfill the same function as a transcript. Given the record in the instant case we hold that the alternative available to defendant satisfied and fulfilled the same functions as a transcript.

Defendant asserts he did not take extensive trial notes during the first trial. *Britt,* supra, states that that suggestion has been repeatedly rejected. We see no reason for a departure from *Britt,* supra. Neither do we see our holding as a departure from the rule of construing liberally in favor of a defendant's right to equal protection of the law and effective cross-examination. *State v. Romero,* supra.

### Denial of Motion in Limine

The prosecutrix testified that she had had intercourse only one other time prior to the rape. This occurred approximately thirty-six hours prior to the rape and was with a married man. Defense counsel agreed to waive any rights to know the identity and whereabouts of this boyfriend. It subsequently developed that of four pubic hairs combed from the prosecutrix, two were hers and the other two were neither from the defendant, defendant's wife or the boyfriend.

Based on these facts defendant claimed he had a right to know the identity and to cross-examine the boyfriend. Defendant bases this on the following claim:

> ". . . Should the 'boy friend' testify to lack of intercourse with anyone other than the prosecutrix for an extended time prior to the rape, the circle would be closed. The only possible source of the hairs, which were not defendant's, according to the testimony of Dr. Wengs, would have been the rapist. . . ."

■ Defendant's defense throughout the trial was that he was not the rapist. Thus, the issue was whether defendant was the rapist. The evidence of the two foreign pubic hairs was evidence most favorable to defendant. We fail to see how defendant could benefit in anyway by learning the identity of and cross-examination of the boyfriend. Even if such refusal was error, it was at best harmless error. Section 41-23-51, N.M.S.A.1953 (2d Repl.Vol. 6, 1972, Supp.1975). Cf. *State v. Bauske,* 86 N.M. 484, 525 P.2d 411 (Ct.App.1974).

Having held the error, if any, harmless we do not discuss the waiver issue.

### Change of Venue

Defendant's motion for a change of venue was based upon his affidavit that he could not obtain a fair trial. Defendant rested his case on the affidavit.

The provisions of § 21–5–3(A)(2)(c), N.M. S.A.1953 (Repl.Vol. 4, 1970) are mandatory (*State v. Lunn,* 88 N.M. 64, 537 P.2d 672 (Ct.App.1975)) when the prescribed steps have been taken unless evidence is called for. Here, defendant was asked if he wished to produce testimony. Defendant stated he would stand on the affidavit. The motion was denied.

■ The mandatory provisions of § 21–5–3, supra, become discretionary once additional evidence is requested. Section 21–5–4, N.M.S.A.1953 (Repl.Vol. 4, 1970); *State v. Lunn,* supra. The trial court's denial of defendant's motion for a change of venue was not an abuse of discretion.

*Denial of Motion for Mistrial*

■ Defendant contends the prosecutor made an "expression of personal opinion" during rebuttal closing argument. The closing arguments were not recorded. There is no showing that defendant timely objected. Failure to timely object constitutes a waiver of alleged error. *State v. Vallejos*, 86 N.M. 39, 519 P.2d 135 (Ct.App. 1974).

*Denial of Funds for Unrestricted Use of Polygraph Examination*

■ An indigent must be provided with the same basic tools for an adequate defense or appeal when the tools are available to others for a price. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed.2d 891 (1956). However, this is true only so long as the particular material requested is necessary and there are no other reasonable alternatives for obtaining the material. *Britt v. North Carolina*, supra. There is no denial of due process or equal protection if the indigent defendant does not show that the requested material or information is necessary in order to prepare an adequate defense. See *Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150 (4th Cir. 1972); *Davis v. Coiner*, 356 F.Supp. 695 (D.C.W.Va.1973). Merely stating that the material is needed will not be sufficient. *United States v. Brown*, 143 U.S.App.D.C. 244, 443 F.2d 659 (1970). The emphasis is on *need* and not *kind* of material.

■ The Indigent Defense Act has incorporated the rule enunciated in the above cases by stating that an indigent is ". . . to be provided with the *necessary* services and facilities of representation, *including investigation* and other preparation. . ." (Emphasis added) Section 41–22–3, N.M.S.A.1953 (2d Repl.Vol. 6, 1972). If there is no evidence to show that the requested material is necessary, then the trial court will not be permitted to authorize funds to obtain that material. *State v. Carrillo*, 88 N.M. 236, 539 P.2d 626 (Ct.App.1975); *State v. Frazier*, 85 N.M. 545, 514 P.2d 302 (Ct.App. 1973). Merely arguing that a defense will

be hindered without certain material is not sufficient to show that the material is necessary.

■ Did the defendant in this case show that a polygraph examination was necessary? Our answer is in the negative. Counsel for the defendant stated that the defendant had been brought up on charges a few years ago and the defendant had been allowed to take a polygraph examination then. This statement is immaterial as to whether or not a polygraph would be necessary in this case. Counsel then stated that if his client had money, he could easily go out and hire a polygrapher. Counsel's argument simply does not show that a polygrapher would be necessary. Other reasons given by counsel were that the polygraph results would be impressive evidence to show that his client was telling the truth and that he could not prepare an adequate defense without such a test. Again, counsel is merely arguing that he needs the test and that favorable results would be helpful to the defendant's case but that in and of itself does not show the tests would be necessary.

This is not a situation where the polygraph results would be necessary because the defendant's case relied entirely on the defendant's credibility as in *State v. Dorsey*, 87 N.M. 323, 532 P.2d 912 (Ct.App. 1975). In *Dorsey*, supra, the defendant's defense in a trial for murder was based entirely on his statement that he acted in self-defense. In this case, the evidence against the defendant was circumstantial and the defendant introduced testimony to rebut that evidence. *Dorsey*, supra, should not be interpreted to mean that a case comes down to the defendant's credibility simply because the defendant pleads not guilty to the charges against him.

We conclude that the defendant did not show that a polygraph examination would have been necessary. As a result, the defendant was not entitled to funds to hire a polygrapher under either statutory or constitutional law. The issue of the conditional nature of the trial court's authorization

of funds to hire a polygrapher need not be reached since the defendant was never entitled to such authorization.

*Inquiry as to Numerical Division of the Jury*

"THE COURT: Without telling me which way the vote is, can you tell me numerically the split of the jury?

"THE FOREMAN: One to eleven."

 The case was tried before *State v. Aragon*, 89 N.M. 91, 547 P.2d 574 (Ct.App. 1976) which disapproved of such an inquiry.

Defendant raised the issue only when he filed a motion for a new trial. Even if there was a timely objection which the record does not support, we cannot say that such inquiry was error as a matter of law. *State v. Nelson*, 63 N.M. 428, 321 P.2d 202 (1958) or *Pirch v. Firestone Tire & Rubber Co.*, 80 N.M. 323, 455 P.2d 189 (Ct.App.1969) are of no benefit to the defendant. The magnitude of error presented in those cases is simply not present in the instant case. *State v. Aragon*, supra.

*Motion for a Directed Verdict*

 Here defendant claims that the evidence was such that the state's evidence disproved his guilt as a matter of law. Defendant asserts that the foreign hairs were not defendant's or his wife's and that this disproved his guilt. Defendant overlooks other circumstantial and direct evidence namely the matchbook cover found by the prosecutrix's bed with defendant's fingerprint; the blood type being the same as defendant's and different from either the boyfriend or the prosecutrix; the cut screen and window with defendant's latent prints thereon, which were no more than five days old (defendant had lived in the prosecutrix's apartment some months prior to the rape); the victim's wallet found near defendant's apartment.

The foregoing meets the substantial evidence test. *State v. Lucero*, 88 N.M. 441, 541 P.2d 430 (1975).

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.