565 P.2d 1057

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**William M. SHAW, Defendant-Appellant.**

No. 2855.

Court of Appeals of New Mexico.

May 24, 1977.

Kathryn Jones Lauer, Sante Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Ernesto J. Romero, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of armed robbery. Section 40A–16–2, N.M.S.A. 1953 (2d Repl.Vol. 6, Supp.1975). We reverse because of two capricious rulings of the trial court involving: (1) polygraph examination and, (2) tender of evidence. The State presents a casuistic defense for each of the rulings.

*Polygraph Examination*

■ The results of polygraph examinations are admissible evidence in New Mexico if a proper foundation is laid and the results are relevant at trial. *State v. Bell,* 90 N.M. 134, 560 P.2d 925 (1977); *State v. Dorsey,* 87 N.M. 323, 532 P.2d 912 (Ct.App. 1975), aff'd, 88 N.M. 184, 539 P.2d 204 (1975).

Prior to trial defendant moved that the trial court authorize the expenditure of funds to pay for a polygraph examination. The order denying the motion states that at the motion hearing no evidence was taken and no argument was heard. This order does not reflect what transpired before the trial court. The transcript shows the following occurred.

"THE COURT: How about the expert witness fees?

"MS. HECTOR: They agree to that. That is for a polygraph expert in this particular case.

"THE COURT: Whose [sic] going to pay for it?

"MS. HECTOR: Out of the court fund.

"THE COURT: No, there is no money from our court fund.

"MS. HECTOR: Well, there is a letter in our office from Larry Coughenour to the District Judges and listed under expert witness fees are polygraph funds, and I have had them paid by the court before.

"THE COURT: Well, at this point your motion for a polygraph is denied. It's not admissible evidence, and I am not going to spend money to have tests run for evidence that is not admissible in court. It's as simple as that, polygraph tests are not admissible evidence.

"MS. HECTOR: That is denied?

"THE COURT: That is denied. If that's what your expert witness fee is for, that is denied.

"MS. HECTOR: Yes, Your Honor.

\*     \*     \*     \*     \*     \*

"MS. HECTOR: Yes, sir. So the record is clear, that is irregardless of whether the defendant is indigent or not?

"THE COURT: What's that?

"MS. HECTOR: On the polygraph; that has nothing to do with whether the defendant is indigent?

"THE COURT: What is the purpose of the polygraph test? Do you intend to offer it in evidence at trial?

"MS. HECTOR: Yes, sir.

"THE COURT: It's not admissible.

"MS. HECTOR: I believe it is admissible if the person is qualified.

"THE COURT: Not in this court it's not admissible, Ms. Hector, at this time.

"MS. HECTOR: Yes, sir; okay.

"THE COURT: So, whether they're indigent or not, unless the evidence or the expert is to be used at the time of trial and is admissible, I won't order it. I won't order a polygraph test. . . ."

The State defends the trial court ruling as follows:

1. The trial court conducted an evidentiary hearing.

2. The trial court did not refuse to hear testimony in support of the motion.

3. The defendant offered no evidence to show the necessity for a polygraph examination.

■ None of the State's contentions are based on the transcript. The trial court ruled as a matter of law that the results of a polygraph examination were "not admissible evidence." This ruling came before defendant had the opportunity to present evidence or demonstrate necessity for the examination. The "not admissible" ruling was repeated several times. The trial court made it clear that his ruling would not be changed by the fact of defendant's indigency. Neither *State v. Turner,* 90 N.M. 79, 559 P.2d 1206 (Ct.App.1976) nor *State v. Carrillo,* 88 N.M. 236, 539 P.2d 626 (Ct.App. 1975) are applicable. Coming at the time it did, the trial court's ruling was error.

*Tender of Evidence*

During his direct examination, defendant testified that he had gone to visit Steve Maes on the evening of the crime, but that

Steve was not at home. Defendant also testified that he could not remember the day of the week the crime took place because four months had elapsed.

Cross-examining, the prosecutor asked defendant if Steve Maes was still in town. Defendant replied: "Yes he is. I believe he is. I been—I. been in jail four months." The prosecutor then asked defendant if he'd like to get out of jail; defendant replied in the affirmative.

On redirect, defense counsel asked defendant why he had been in jail for four months. The prosecutor's objection, on grounds of relevancy, was sustained. In the absence of the jury, the trial court cautioned counsel that although defendant volunteered the information that he had been in jail, it was improper to go into the matter further.

■ Defense counsel asked to tender proof to show the relevancy of the question concerning defendant being in jail. The trial court refused to permit the tender, stating that none was needed because the reason defendant was in jail was not relevant. Defendant claims the trial court erred in not permitting a tender of proof.

Evidence Rule 103(a)(2) provides that error may not be predicated upon a ruling excluding evidence unless a substantial right of the party is affected and "the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked."

This is not a case where no tender was made. See *State v. Carrillo,* supra. The trial court refused to permit defendant's tender. Yet, one of the grounds for predicating error on the exclusion of evidence is a tender which makes the substance of the evidence known to the trial court. Evidence Rule 103.

Why is a tender of proof required? One reason is to advise the trial court of the nature of the evidence so that the trial court can intelligently consider it. Compare *State v. Hogervorst* (Ct.App.), No. 2750, decided May 17, 1977.

Another reason is to have the excluded evidence in the record for purposes of appellate review. ". . . [I]f a trial court can arbitrarily deny to counsel the right to dictate into the record their offer of proof, he can prevent any consideration upon appeal as to the correctness of his own ruling as to the exclusion of certain evidence. It is obvious that this cannot be the law." *Bextermueller v. Busken,* 376 S.W.2d 621 (Mo.App.1964).

■ The right to offer proof is almost absolute. The offer, of course, must be timely. *State v. Kendall,* 90 N.M. 236, 561 P.2d 935 (Ct.App.1977), rev'd on other grounds, 90 N.M. 191, 561 P.2d 464 (1977). And, the trial court has discretion to restrict repetitious proof. *Jones v. Clark,* 418 P.2d 792 (Wyo.1966); *People v. Camel,* 10 Ill.App.3d 1022, 295 N.E.2d 270 (1973). See *Commonwealth v. Barnett,* 354 N.E.2d 879 (Mass.1976); *Barci v. Intalco Aluminum Corporation,* 11 Wash.App. 342, 522 P.2d 1159 (1974).

The tender of proof was neither untimely nor repetitious. The State claims there was no error in not permitting the tender. Its arguments, and our answers, follow.

1. Defendant waived the error because he never moved to strike the testimony complained of and did not ask for a cautionary instruction. See *State v. Sandoval,* 88 N.M. 267, 539 P.2d 1029 (Ct.App.1975). Defendant is not complaining of evidence *received*; his grievance is that the trial court *excluded* evidence without permitting a tender of proof. Defendant asked the trial court to be permitted to try to demonstrate the relevancy of the question concerning jail time. Since the tender wasn't permitted, we cannot determine whether the jail time question, if answered, was either subject to being stricken or that a cautionary instruction would have been appropriate. In these circumstances, there was no waiver.

2. Defendant is really complaining because the trial court sustained the prosecutor's relevancy objection. We disagree. Defendant is complaining of not being per-

mitted to tender evidence in an effort to demonstrate relevancy.

3. No tender was necessary because the substance of the evidence is apparent from the question asked, and the trial court's remarks. Evidence Rule 103. The question asked defendant to explain why he had been in jail four months. The answer is not indicated by the question. The trial court remarked that it would be improper to go into the matter. This remark does not indicate either that the trial court knew what the answer would be or that the trial court knew the substance of the evidence that defendant desired to tender. The substance of the evidence is not apparent from the trial proceedings.

4. The trial court correctly ruled that the reason defendant had been in jail was irrelevant. How can we know that when the trial court would not give the defendant the opportunity to try to demonstrate relevancy? Four months in jail might or might not have been relevant to the prosecutor's question concerning the availability of Steve Maes as a witness. We don't know, nor could the trial court know without permitting the defendant to tender his proof.

The trial court erred in not allowing defendant to tender proof as to relevancy of the question concerning jail time.

The judgment and sentence are reversed. The cause is remanded for a new trial.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.