**Ernest TURNER, Plaintiff-Appellant,**

v.

**Clyde E. MALLEY (Warden), Defendant-Appellee.**

**No. 78–1413.**

United States Court of Appeals, Tenth Circuit.

Dec. 28, 1979.

Tova Indritz, Asst. Federal Public Defender, Albuquerque, N. M., for plaintiff-appellant.

Andrea R. Buzzard, Asst. Atty. Gen., Santa Fe, N. M. (Toney Anaya, Atty. Gen., Santa Fe, N. M., on brief), for defendant-appellee.

Before SETH, Chief Judge, and McWILLIAMS and SEYMOUR, Circuit Judges.

McWILLIAMS, Circuit Judge.

Pursuant to 28 U.S.C. § 2254, Ernest Turner, a state prisoner, brought the present habeas corpus action in the United States District Court for the District of New Mexico against Clyde Malley, the Warden of the New Mexico State Penitentiary. One ground urged for Turner's release was that his Fifth and Fourteenth Amendment rights had been violated when the New Mexico state judge denied Turner's request that he be given a transcript of his first trial prior to his being tried a

second time on the same charge. The federal trial court rejected that particular contention, as well as the other matters urged by Turner in his petition. Turner appeals from the dismissal of his habeas corpus petition.

Turner was charged in a New Mexico state court with aggravated burglary and rape. Turner qualified as an indigent and was represented by appointed counsel. The first trial of the case ended in a mistrial on or about October 31, 1975, when the jury was unable to reach a verdict. On November 12, 1975, Turner requested an order from the state trial court that he be given, at Government expense, a transcript of his first trial to be used in connection with his impending second trial. On January 9, 1976, the state trial court denied the motion for a free transcript. Turner's second trial commenced on January 13, 1976, and resulted in a conviction. On appeal, that conviction was affirmed. *State v. Turner*, 90 N.M. 79, 559 P.2d 1206 (Ct.App.), *cert. denied*, 90 N.M. 9, 558 P.2d 621 (1976).

In denying Turner's request for a free transcript, the state trial judge made the following explanation:

The Court is going to deny the motion, renewed motion for a free transcript, but is going to order as follows: That if, during the course of the trial, there is a conflict or apparent conflict in testimony of any of these witnesses from the first trial and this is brought to the attention of the Court, the Court will take it upon itself to instruct the reporter who is present during this hearing to look at that particular testimony and I will read it to the jury verbatim if that becomes necessary after I have read it to all counsel and all parties before reading it to the jury, but in the absence of some showing to this Court here today that there is going to be some conflict in the testimony as between these two trials, the Defendant does not need and has not shown a need for a free transcript in this case because all it would be is a reiteration of testimony that is going to be given in this new trial in any event and in the absence of some specific showing of prejudice to the Defendant I am at this time denying this renewed motion for a free transcript. If the problem comes up during the trial, I will handle it at that time.

As indicated, on direct appeal the New Mexico Court of Appeals affirmed Turner's conviction. 559 P.2d 1206. In connection with Turner's argument that his constitutional rights had been violated by the refusal of the trial court to provide him with a free transcript of his first trial, the Court of Appeals held that the state trial court had provided Turner with an alternative device which was an adequate substitute for a transcript. The alternative method was described by the Court of Appeals as "the court reporter, who was the court reporter at the first trial, would have available the testimony of the first trial and if any conflict or apparent conflict existed the testimony would then be read." 559 P.2d at 1208. Such alternative method was held by the Court of Appeals to come within the "spirit and rationale" of *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971).

In the federal court, Turner's habeas corpus petition came on for hearing before a United States Magistrate. Counsel was appointed to represent Turner in that proceeding. Based on briefs, a pretrial conference, and the transcript of Turner's second trial in the state court, the Magistrate entered proposed findings and recommended disposition. In connection with Turner's denial of transcript argument, the Magistrate found that Turner's constitutional rights had not been violated since "a review of the record indicates the reporter's notes were available, and were used by the defense at the second trial, apparently for impeachment purposes." The United States District Judge later adopted the findings and recommendations of the Magistrate and dismissed Turner's petition. It is from that judgment that Turner appeals.

Before considering the authorities which have bearing on this matter, a study of the record made at Turner's second trial in the state court indicates that when defense counsel was examining a witness whose testimony was thought to differ from that

given at the first trial of the case, counsel would approach the bench and, out of earshot of the jurors, request that reference be made to the reporter's notes of the first trial. On one such occasion the state trial judge did read to the jury two answers made at the first trial by witness Dorothy Shaw. On another such occasion the state trial judge simply advised the jury concerning the testimony at the first trial of the witness Terri Griffis. On other occasions, presumably after reference to the court reporter's notes of the first trial, the state trial judge simply declined to comment on testimony given at the first trial.

The federal district judge in the instant case concluded, as did the New Mexico Court of Appeals, that the New Mexico state judge who tried Turner provided Turner with a reasonable alternative to a free transcript, namely, a resort to the reporter's notes of the first trial when there was thought to be conflict between testimony given by a particular witness at the first and second trials. We disagree with this conclusion. The federal district court, again agreeing with the New Mexico Court of Appeals, held that the instant case came within the narrow holding in *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). We do not think the present case comes within the "narrow circumstances" found in *Britt*. Indeed, *Britt*, in our best view, dictates a reversal of the present case.

In *Britt*, the defendant's three-day murder trial in a state court ended in a hung jury and a mistrial. He was tried a month later and convicted. Defendant was indigent, and in the interim between trials asked for a free transcript of the first trial. The request was denied. The North Carolina appellate courts affirmed, commenting, *inter alia*, that the record did not reveal a sufficient need for the transcript. The United States Supreme Court granted certiorari, and affirmed on the "narrow circumstances" of the case. The clear import of *Britt* is that if there had been no such "narrow circumstances," the defendant would have been entitled to a free transcript of his first trial. The "narrow circumstances" found to exist in *Britt* concerned a concession made by counsel in oral argument before the Supreme Court that he did in fact have available an alternative device which was the substantial equivalent of a transcript, namely, a friendly small-town court reporter who "would at any time have read back to counsel his notes of the mistrial, *well in advance of the second trial,* if counsel had simply made an informal request." 404 U.S. 226, at 229, 92 S.Ct. 431, at 435, 30 L.Ed.2d 400 (1971). (Emphasis added.)

There is nothing to indicate that the court reporter in the instant case was so disposed as the court reporter in *Britt*. Therefore, the particular alternative device found in *Britt* is not present here. Further, the New Mexico state trial judge did not in our view provide a reasonable alternative to a free transcript. The Supreme Court in *Britt* clearly indicated that but for the alternative device found to exist in that case, the state conviction would have been reversed. It is on this basis that we reverse.

By way of background, the Supreme Court in *Britt* held that *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) and its progeny established the principle that a state must, as a matter of equal protection, provide indigent defendants with the basic tools of an adequate defense, and that while the outer limits of that principle are not clear, there is "no doubt that the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense . . . ." 404 U.S. at 227, 92 S.Ct. at 433. The court held that two factors were relevant to the determination of need: (1) the value of the transcript to a defendant in connection with the trial for which it is sought, (2) the availability of alternative devices that would fulfill the same function as a transcript. As concerns the first of these two matters, the court said that the value of such a transcript can ordinarily be assumed, and that it is not necessary to show "particularized need." The Supreme Court rejected any notion that the mere fact that the second trial was before the same judge with the same counsel and the same reporter was a reasonable substitute for a transcript. The memory of

counsel or notes made by counsel during the first trial were said not to be a substitute for a transcript of the first trial. Of particular pertinency here, the Supreme Court in *Britt* observed that "[m]oreover, we doubt that it would suffice to provide the defendant with limited access to the court reporter during the course of the second trial." 404 U.S. at 229, 92 S.Ct. at 434. In this regard the Supreme Court quoted with approval the comment by the Second Circuit in *United States ex rel. Wilson v. McMann*, 408 F.2d 896, 897 (2nd Cir. 1969) that such approach be rejected as "too little and too late." Clearly the import of *Britt* is that absent the "narrow circumstances" found in that case, the Supreme Court would have reversed.

Our resolution of the present appeal is in accord with *United States v. Acosta*, 495 F.2d 60 (10th Cir. 1974). In that case we held that the failure to provide an indigent defendant with a free transcript of his first trial to be used in preparation for his second trial violated the defendant's Fifth Amendment rights. In *Acosta* there was *no* alternative device whatsoever to the transcripts. Here the trial court suggested an alternative device which, however, under *Britt*, was not the "substantial equivalent of a transcript."

Our resolution of the present appeal is also in accord with several of the other Circuit Courts. In *United States v. Jonas*, 540 F.2d 566 (7th Cir. 1976) the Seventh Circuit held that the notes of the trial judge made during the course of the first trial and certain tape recordings of the first trial were not the equivalent of a transcript. In *United States v. Young*, 472 F.2d 628 (6th Cir. 1972) the Sixth Circuit rejected the suggestion that the fact that the court reporter at the first trial was available to read back at any time during the second trial testimony given at the first trial constituted the equivalent of a transcript. See also *Peterson v. United States*, 351 F.2d 606 (9th Cir. 1965).

Counsel for Malley, the Warden, relies on *United States v. Talbott*, 454 F.2d 1111 (8th Cir.), *cert. denied*, 407 U.S. 922, 92 S.Ct. 2467, 32 L.Ed.2d 808 (1972). Such reliance is shaky at best. In *Talbott* the prosecutor in preparation for the second trial ordered a transcript of the testimony of three identifying witnesses and furnished a copy of such testimony to defense counsel in advance of the second trial. Defense counsel at the second trial then used this transcript in cross-examination. It would appear that it was this fact which led the Eighth Circuit to conclude that *Talbott* fell within the "narrow circumstances" found to exist in *Britt*. Such fact is not present in the case at bar.

In sum, the alternative which the state trial court gave Turner, i. e., reference to the notes of the court reporter at the first trial when a possible conflict in testimony arose during the second trial, was not the substantial equivalent of a transcript. The alternative thus provided in no wise assisted counsel in his preparation for the second trial, nor could it be effectively used as a tool for the impeachment of a witness at the second trial.

Under the circumstances, we elect not to discuss the other grounds urged for reversal. Upon further trial of this case, whether such alleged error would reoccur is problematical.

Judgment reversed and case remanded for further proceedings consonant with the views herein expressed.